IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYLVIA LEWIS-HARRIS,            )
                                )
            Plaintiff,           )
                                )
    v.                          )   C.A. No. 20-1654 (MN)
                                )
WILMINGTON CITY COUNSEL, et al., )
                                )
            Defendants.          )

**MEMORANDUM OPINION**

Sylvia Lewis-Harris, Wilmington, Delaware, *Pro Se* Plaintiff.

May 26, 2021
Wilmington, Delaware

*Maryellen Noreika* [signature]

**NOREIKA, U.S. District Judge:**

Plaintiff Sylvia Lewis-Harris ("Plaintiff"), filed this action alleging employment discrimination under 29 U.S.C. §§ 621, *et seq*. (D.I. 2). She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff was employed by Defendant City of Wilmington City Council ("the City"). She also names as defendants Hanifa Shabazz ("Shabazz") and Marchelle Basnight ("Basnight"). (D.I. 2). Plaintiff alleges age discrimination by reason of retaliation, harassment and a hostile work environment, resulting in the termination of her employment. (*Id.*). Plaintiff received a notice of suit rights from the EEOC dated September 2, 2020. (D.I. 2-1 at 1).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

1

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

The Age Discrimination in Employment Act ("ADEA") of 1967 makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age. *See* 29 U.S.C. § 621. As a matter of law, the ADEA does not provide for individual liability. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006). Only the "employer," here the City, may be held liable under the ADEA. *See* 29 U.S.C. § 623; *Muhammad v. Sills Cummis & Gross P.C.*, 621 F. App'x 96, 98 (3d Cir. 2015). Plaintiff's Complaint does not allege that either Shabazz or Basnight were her employers. Plaintiff may not raise an ADEA claim

3

against these individual defendants. Therefore, they will be dismissed. Plaintiff may proceed against Defendant Wilmington City Council.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss Defendants Shabazz and Basnight as the claims against them are legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate Order will be entered.